FILED
United States Court of Appeals
Tenth Circuit

August 4, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GROVER MISKOVSKY,

        Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

        Respondent - Appellee.

No. 08-6005
(D. Ct. No. 05-CV-01436-HE)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Grover Miskovsky, proceeding pro se, seeks a certificate of appealability ("COA") to challenge the district court's denial of his petition for habeas relief pursuant to 28 U.S.C. § 2241. We DENY a COA and therefore dismiss this appeal.

Mr. Miskovsky is a state prisoner in Oklahoma serving consecutive 84-year, 7-year, and 2-year sentences. During his incarceration, Mr. Miskovsky was charged with prison misconduct after two box blades and a screwdriver tip were discovered in a light fixture in the cell Mr. Miskovsky shared with Robert Simmons. After a hearing conducted by the Oklahoma Department of Corrections, Mr. Miskovsky was found guilty of misconduct. As part of his punishment, Mr. Miskovsky lost 365 days of good time credit.

Mr. Miskovsky then filed this § 2241 habeas petition in district court, arguing that he was denied due process when his earned credits were revoked. He specifically contends that, among other things, the prison disciplinary proceeding for possession of contraband failed to consider potentially exculpatory statements and violated the "some evidence" standard. *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

A petitioner may not appeal the denial of habeas relief under 28 U.S.C. § 2241 unless a COA is granted. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires Mr. Miskovsky to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

First, as the magistrate judge noted, there was ample evidence supporting the disciplinary hearing officer's ("DHO") determination of guilt:

> (1) the Incident and Misconduct Reports; (2) photocopies of the box blades; (3) shakedown logs of [Mr. Miskovsky's] cell; (4) the presumption of constructive possession; and (5) the absence of [the discovering officer's] motive to fabricate evidence of misconduct.

Second, we agree that Mr. Miskovsky has greatly overstated the exculpatory nature of a statement allegedly made by Mr. Simmons. Moreover, the record shows that Mr. Simmons was asked to give a statement in conjunction with Mr. Miskovsky's disciplinary hearing but refused to do so. Mr. Miskovsky, however, was still allowed to present evidence that Mr. Simmons allegedly confessed to possession of the box blades and the

DHO considered such evidence in making her determination.[1]

After carefully reviewing Mr. Miskovsky's brief, the magistrate judge's comprehensive and well-reasoned report and recommendation, the district court's disposition, and the record on appeal, we find nothing that meets our standard for the grant of a certificate of appealability. For substantially the reasons set forth by the magistrate judge's report and recommendation, we DENY Mr. Miskovsky's request for a certificate of appealability and DISMISS the appeal. His motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Mr. Miskovsky also claims that he was denied due process because the disciplinary investigator was incompetent and inadequately trained and because he was denied a staff representative. We agree with the magistrate that these claims lack merit, both factually and legally.